IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, <br> 200 Park Avenue, <br> New York, New York 10166 <br><br> Plaintiff <br> vs. <br><br> JOSEPHINE HILL <br> 6719 Clinglog Street <br> Capitol Heights, MD 20743 <br><br> Defendant | * * * * * * * * * | Case No.: |

## COMPLAINT

Plaintiff METROPOLITAN LIFE INSURANCE COMPANY, through its undersigned attorneys, as and for its Complaint against Defendant JOSEPHINE HILL, herein, alleges:

### Parties

1. Plaintiff Metropolitan Life Insurance Company ("MetLife") is an insurance company organized and existing under the laws of the State of New York with its principal place of business in New York.

2. Upon information and belief, Defendant Josephine Hill is an individual residing in Towson, MD with a mailing address of Towson University Unit #2512, 8000 York Road, Towson, MD 21252.

**Jurisdiction and Venue**

3.  In this action, Plaintiff MetLife seeks to recover funds that were inadvertently paid by MetLife to Josephine Hill pursuant to her claim for life insurance proceeds under the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701-8716, a federal statute.

4.  Pursuant to 5 U.S.C. § 8715, the District Courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of civil actions or claims founded upon this chapter.  Therefore, the United States District Court for the District of Maryland has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 8715.

5.  Josephine Hill is a resident of Towson, MD.  Accordingly, venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1391.

**Background**

6.  In 1954, Congress enacted FEGLIA "to provide low-cost group life insurance to Federal employees."  H.R. Rep. No. 2579 at 1 (1954), reprinted in 1954 U.S.C.C.A.N. 3052.

7.  Federal law authorized the establishment of the Employees' Life Insurance Fund of the Treasury of the United States of America into which employer and employee premiums for the cost of FEGLI insurance ("FEGLI Proceeds") are deposited.

8.  Payments of FEGLI Proceeds result in withdrawal of funds from the United States Treasury.

9.  Pursuant to the Appropriations Clause of the Constitution of the United States of America, payments of money resulting in withdrawals from the United States Treasury must be authorized by federal statute.  *Office of Personnel Management v. Richmond*, 110 S. Ct. 2465, *reh'g denied*, 111 S. Ct. 5 (1990).

10. Pursuant to 5 U.S.C. §§ 8709–8716, the United State Office of Personnel Management ("OPM") is authorized, under 5 U.S.C. §§ 8709–8716, to "prescribe regulations necessary to carry out FEGLIA's purposes."

11. FEGLIA, and the associated federal regulations at 5 C.F.R. Part 870, require OPM to contract with a private insurance company to administer the processing of FEGLI claims pursuant to applicable federal law. Pursuant to FEGLIA 5 U.S.C. § 8709, Plaintiff MetLife issued MetLife's Group Policy No. 17000-G, known as the Federal Employees Group Life Insurance Policy (the "FEGLI Policy"), to OPM.

12. MetLife is required to make payment of FEGLI Proceeds upon establishment of a valid claim to the proper beneficiary and/or beneficiaries pursuant to FEGLIA, 5 U.S.C. § 8701-8716.

13. The Office of Federal Employees Group Life Insurance ("OFEGLI") (hereinafter "MetLife") is the administrative unit of Plaintiff MetLife charged with the responsibility of administering all FEGLI claims pursuant to FEGLIA, 5 U.S.C. § 8701-8716.

14. The business of the FEGLI Program, up to the point of the death of covered employees or retirees, is conducted by the Agencies of the United States of America.

15. The responsibilities of the Federal Agencies (including OPM for retirees) with regard to the FEGLI program include collecting shares of the cost of the FEGLI coverage through deductions from the salaries of federal employees and the annuity benefits of federal retirees. It is the responsibility of the Federal Agencies to receive and process requests for changes in beneficiary designations from federal employees and retirees and to submit beneficiary designations to MetLife upon the federal employee's death.

**Statement of Facts**

16.     Joseph Hill (the "Decedent") was a covered individual under the FEGLI Policy through his employment with the Federal government.

17.     On or about November 19, 2014, the Decedent died.

18.     On or about December 2, 2014, Josephine Hill asserted a claim to the FEGLI Proceeds payable upon the death of the Decedent.

19.     Based on an incorrect understanding that the Decedent had not designated a beneficiary, it was determined that Josephine Hill was the proper beneficiary pursuant to FEGLI's Order of Payment rules.

20.     On or about December 12, 2014 Josephine Hill was paid $209,544.95, representing $37,000 in Basic insurance, $10,000 in Option A insurance, $175,000 in Option B insurance plus $69.95 in delayed settlement interest, minus $12,525 for a funeral assignment. This represented 100% of the FEGLI proceeds that became payable upon Decedent's death.

21.     After payment to Josephine Hill of 100% of the FEGLI Proceeds, it was determined by OPM that a Designation of Beneficiary form dated January 14, 2008 had been submitted prior to the Decedent's death. In the January 14, 2008 Designation of Beneficiary form, the Decedent named Josephine Hill as only a 50% beneficiary of the FEGLI proceeds.

22.     Because Josephine Hill is only entitled to 50% of the FEGLI proceeds, an overpayment occurred in the amount of $111,034.98. Josephine Hill should have been paid $98,509.97, which represents $18,500 in Basic Insurance, $5,000 in Option A insurance, $87,500 in Option B  insurance plus $34.97 in delayed settlement interest minus $12,525 for the funeral assignment completed with Briscoe Tonic Funeral Home.

23. FEGLIA mandates that life insurance benefits shall be paid to the beneficiary or beneficiaries named by the decedent in a beneficiary designation that meets the requirement of 5 U.S.C. § 8705(a). Josephine Hill was overpaid FEGLI Proceeds in an amount totaling $111,034.98.

24. On or about August 25, 2015, MetLife advised Josephine Hill that she was not entitled to receive, nor retain, all of the FEGLI Proceeds. MetLife requested that Josephine Hill reimburse MetLife $111,034.98.

25. By letter dated December 2, 2015 through counsel, MetLife further advised Josephine Hill, in writing, that she was not entitled to receive, nor retain, the FEGLI Proceeds. Again, MetLife requested that Josephine Hill reimburse MetLife for $111,034.98.

26. By letter dated January 28, 2016, through counsel, MetLife requested that Josephine Hill reimburse MetLife for $111,034.98 and advised her that if payment was not received within ten days of the letter, MetLife would be forced to resort to taking legal action.

27. Despite repeated attempts in writing and by telephone, Josephine Hill willfully and intentionally failed to reimburse MetLife for the FEGLI Proceeds inadvertently paid to her.

## COUNT I
### (Violation of FEGLIA, 5 U.S.C. § 8701-8716)

28. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27 as if set forth fully herein.

29. Based on an incorrect understanding that the Decedent had not designated a beneficiary, it was determined that Josephine Hill was the proper beneficiary pursuant to FEGLI's Order of Payment rules.

30. On or about December 12, 2014 Josephine Hill was paid $209,544.95, representing $37,000 in Basic insurance, $10,000 in Option A insurance, $175,000 in Option B insurance plus

$69.95 in delayed settlement interest, minus $12,525 for a funeral assignment. This represented 100% of the FEGLI proceeds that became payable upon Decedent's death.

31.     After payment to Josephine Hill of 100% of the FEGLI Proceeds, it was determined by OPM that a Designation of Beneficiary form dated January 14, 2008 had been submitted prior to the Decedent's death. In the January 14, 2008 Designation of Beneficiary form, the Decedent named Josephine Hill as only a 50% beneficiary of the FEGLI proceeds.

32.     Pursuant to 5 U.S.C. § 8705, FEGLIA mandates that FEGLI Proceeds shall be paid to the beneficiary or beneficiaries named by the insured upon the establishment of a valid claim.

33.     Josephine Hill was not the lawfully designated beneficiary of 100% of the Decedent's coverage under the FEGLI Policy and thus was only entitled to receive 50% the FEGLI Proceeds.

34.     Josephine Hill received FEGLI Proceeds to which she was not entitled in the amount of $111,034.98.

35.     On or about August 25, 2015, MetLife advised Josephine Hill of the overpayment and requested that she reimburse MetLife 100% of the FEGLI Proceeds inadvertently paid to her.

36.     Josephine Hill's acceptance of the FEGLI Proceeds and refusal to return them to MetLife constitutes a violation of 5 U.S.C. § 8701-8716.

37.     As a direct and proximate result of Josephine Hill's violation, MetLife is entitled to recoupment of the payment made to Josephine Hill in an amount to be determined at trial but in no event less than $111,034.98, plus applicable interest, costs, and reasonable attorney's fees.

## COUNT II
### (Unjust Enrichment)

38.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 35 as if set forth fully herein.

39.     On or about December 12, 2014, Josephine Hill was inadvertently paid 100% of the FEGLI Proceeds, amounting to an overpayment of $111,034.98.

40.     Josephine Hill was not the sole lawfully designated beneficiary of Decedent's coverage under the FEGLI Policy and thus was not entitled to receive 100% of the FEGLI Proceeds.

41.     On or about August 25, 2015, MetLife advised Josephine Hill of the overpayment and requested that Josephine Hill reimburse MetLife $111,034.98, which sum represents 100% of the FEGLI Proceeds inadvertently overpaid to Josephine Hill.

42.     Under the Appropriations Clause (Article I, Section 9) of the United States Constitution, only Congress has the power to authorize disbursement of funds pursuant to FEGLIA. Josephine Hill has no lawful claim to these FEGLI Proceeds because the Designation of Beneficiary form filed on January 14, 2008 names a second beneficiary who is entitled to receive 50% of the FEGLI proceeds.

43.     Despite due demand, and in breach of FEGLIA, Josephine Hill has failed and refused to reimburse MetLife for the FEGLI Proceeds inadvertently paid to her.

44.     By receipt of the FEGLI Proceeds and as a result of Josephine Hill's failure to reimburse MetLife for the monies paid, Josephine Hill has been unjustly enriched in the amount of $111,034.98.

45.     As a direct and proximate result of Josephine Hill's wrongful conduct, MetLife is entitled to recoupment of the overpayment in an amount to be determined at trial but in no event

less than $111,034.98, plus applicable interest, attorneys' fees and costs of this action in order to recover the overpayment.

## COUNT III
### (Conversion)

46. MetLife repeats and realleges the allegations set forth in paragraphs 1 through 49 as if set forth fully herein.

47. Josephine Hill received funds to which she was not entitled.

48. After MetLife discovered that the FEGLI Proceeds were inadvertently overpaid to Josephine Hill, MetLife informed Josephine Hill of the overpayment and requested Josephine Hill to repay the money.

49. Despite due demand, Josephine Hill has, upon information and belief, willfully, intentionally, unconditionally and without authority refused to reimburse MetLife for the FEGLI Proceeds.

50. Josephine Hill has thereby interfered with MetLife's right of possession and/or wrongfully detained, used or disposed of the funds. Accordingly, Josephine Hill has converted $111,034.98 for her own pecuniary gain to the detriment of MetLife.

51. As a direct and proximate result of Josephine Hill's wrongful conduct, MetLife is entitled to recoupment of the overpayment in an amount to be determined at trial but in no event less than $111,034.98 plus applicable interest, attorneys' fees and costs of this action in order to recover the overpayment.

**WHEREFORE**, as to Counts I, II and III, MetLife demands judgment against Defendant Josephine Hill (i) in the amount of $111,034.98, plus interest; (ii) awarding MetLife the costs and disbursements of this action, including reasonable attorneys' fees; and (iii) granting MetLife such further relief as the Court deems just and proper.

Dated:       April 11, 2017                Respectfully submitted,

/s/ *Jermaine D. Haughton*
Michael A. Brown, Bar No. 07483
Jermaine D. Haughton, Bar No. 012444
Miles & Stockbridge, P.C.
100 Light Street
Baltimore, MD 21202-1487
Phone:  (410)385-3762
mbrown@milesstockbridge.com
jhaughton@milesstockbridge.com

*Attorneys for Plaintiffs Metropolitan Life Insurance Company*